**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jeffrey Barner

v. Civil No. 15-cv-446-JL

Warden E.L. Tatum, Jr.

**REPORT AND RECOMMENDATION**

Jeffrey Barner, a prisoner at the Federal Correctional Institution in Berlin, New Hampshire, has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2241, challenging a denial of pretrial credit. The matter is before the court to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

**Standard**

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a facially valid claim to relief that is cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994). When a habeas petitioner is

proceeding pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Barner asserts that he was arrested on state charges in New York on December 3, 2014, and held pretrial in a county jail. On April 6, 2015, Barner was sentenced to six months of incarceration on that sentence. Barner's sentence was also discharged on that date, and Barner was released to the custody of the United States Marshal, as Barner had been charged with violating his federal supervised release. On April 17, 2015, Barner was sentenced to twenty months in prison on that violation in the Northern District of New York.

Barner claims that the federal sentencing court ordered that Barner receive pretrial credit for the four months he spent serving a state sentence before his federal sentence was imposed. Barner states that the federal Bureau of Prisons ("BOP"), however, has refused to grant him pretrial credit for that four months. Barner asserts that he has exhausted his administrative remedies. He seeks an order directing the BOP to grant him four months of pretrial confinement credit.

## **Discussion**

A federal defendant is entitled to credit against his federal sentence,

> for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). "Section 3585(b)(2) makes 'clear that a defendant [can]not receive a double credit for his detention time.'" United States v. Wetmore, 700 F.3d 570, 576 n.3 (1st Cir. 2012) (quoting United States v. Wilson, 503 U.S. 329, 337 (1992)). Further, 18 U.S.C. § 3584(a) states, in relevant part:

> . . . [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a) (emphasis added).

The four months Barner spent in jail between December 3, 2014, and April 6, 2015, were credited to his state sentence. Thus, under § 3585(b), the BOP was not required to award Barner

pretrial credit for that time. Also, as Barner's state sentence had been discharged prior to his federal sentencing hearing, the federal district court could not impose Barner's federal sentence concurrently with the state sentence. See United States v. Lucas, 745 F.3d 626, 230-31 (2d Cir.), cert. denied, 135 S. Ct. 150 (2014).

Finally, contrary to Barner's assertions, the judgment issued in his criminal case in the Northern District of New York, is silent as to whether the court sought to impose the sentence concurrently with Barner's state sentence. See United States v. Barner, No. 1:09-cr-00005-NAM, ECF No. 351 (N.D.N.Y. Apr. 24, 2015). Even if the court had so stated, however, such a statement does not give the government authority that is denied under §§ 3584 and 3585 either to grant credit for time credited to a different sentence, or to run a federal sentence concurrently with a state sentence that has already been discharged at the time of sentencing.

Barner has failed to demonstrate that he is entitled to additional pretrial credit than what the BOP has awarded to him. Accordingly, the district judge should dismiss the petition.

## Conclusion

For the foregoing reasons, the district judge should

dismiss the petition (doc. no. 1). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

Andrea K. Johnstone
United States Magistrate Judge

March 15, 2016

cc: Jeffrey Barner, pro se
Seth R. Aframe, Esq.